UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80410-CIV-MARRA

HSBC BANK USA, NATIONAL ASSOCIATION,
AS TRUSTEE FOR JPMORGAN MORTGAGE TRUST
2007-A6, MORTGAGE PASS-THROUGH
CERTIFICATES, WITHOUT RECOURSE,

    Plaintiff,

v.

CLIVE GOLDMAN,
ANDREA GOLDMAN, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion to Dismiss (DE 8).  No response was filed and the time to file one has expired.   This matter is now ripe for review.

**I. Background**

On December 17, 2008, Plaintiff filed a one-count Mortgage Foreclosure Complaint against Defendants in the state court in Palm Beach County.  (DE 1-1, p. 1-3).  On July 15, 2010, Final Summary Judgment of Mortgage Foreclosure in the amount of $894,989.87 was entered in favor of Plaintiff HSBC.  (DE 1-6, p. 11).  The property was sold at a foreclosure sale.  (DE 1-9, p. 28). Defendants' appeal to the Fourth District Court of Appeal was dismissed on August 26, 2011 as untimely.  (DE 1-7, p. 32).  Finally, on April 17, 2013, the state trial court denied Defendants' Objection to Foreclosure Sale.  (DE 1-10, p. 3).  Defendants removed this case on April 24, 2013. (DE 1).  Defendants allege that some federal laws were violated in the foreclosure process, and base

jurisdiction on both federal question and diversity of citizenship.

On September 6, 2013, Plaintiff filed its Motion to Dismiss arguing that this Court lacks subject matter jurisdiction, and citing to numerous defects in the removal process. Plaintiff HSBC contends that this case should not be remanded to the state court because the proceedings have concluded, and that this case should be simply dismissed.

## II. Discussion

The removing defendant has to establish that the district court may exercise jurisdiction over the proceedings. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Here, the Court finds that Defendants have not done so, and that the Court lacks jurisdiction over this action.

Defendants cite to the violations of federal laws in their Notice of Removal (DE 1). However, no federal claims were raised in the state court action. Thus, there is no federal question jurisdiction.

In order for diversity jurisdiction to exist, citizenship of the parties must be alleged. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Here, Defendants only state that Plaintiff is "subject to New York Trust Law," and allege nothing else concerning citizenship of the parties (DE 1, p. 2). This is insufficient to show that the Court may exercise diversity jurisdiction.

The statute governing procedure after removal provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, this case must be remanded.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss

(DE 8) is **GRANTED IN PART and DENIED IN PART**.  This case is remanded to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida because of a lack of subject matter jurisdiction.  The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 30th day of January, 2014.

_____
KENNETH A. MARRA
United States District Judge